**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2642-19T1

G.A.,

     Plaintiff-Respondent,

v.

V.B.,

     Defendant-Appellant.

_____

        Submitted October 28, 2020 – Decided December 16, 2020

        Before Judges Vernoia and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0269-14.

        De Tommaso Law Group, LLC, attorneys for appellant (Michael J. DeTommaso and Taryn R. Zimmerman, on the briefs).

        Eileen M. Foley, attorney for respondent.

PER CURIAM

In this post-judgment matrimonial matter, defendant V.B. appeals from a February 3, 2020 award of counsel fees in the sum of $18,281.25 in favor of her former husband, plaintiff G.A. We affirm.

The parties were married in March 2007 and their son was born in May 2007. The parties divorced in March 2014 and their February 2014 marital settlement agreement (MSA) was incorporated into their judgment of divorce. Under the MSA, the parties agreed to share joint legal custody of their son, with physical custody to plaintiff. The MSA afforded defendant parenting time throughout the year, including summer visits from July 24th to August 31st.

After the parties divorced, defendant lived in Illinois, whereas plaintiff remained in New Jersey with the child. Pertinent to the instant appeal, paragraph twenty-eight of the parties' MSA provided:

> The Wife fully understands and recognizes that if she should violate the custody/parenting time arrangement and refuse to return the child to the State of New Jersey at the conclusion of her parenting time, thus forcing Husband to take legal action against Wife to return the minor child to Husband in the State of New Jersey, all future parenting time between Wife and the minor child will take place in the State of New Jersey in a supervised setting and Wife will no longer be entitled to remove the child from the State of New Jersey. Wife shall also be responsible to reimburse Husband all attorney's fees and costs associated with any legal action which Husband is required to take against Wife

to effectuate the return of his son to the State of New Jersey.

On or about August 21, 2019, while the parties' child was visiting defendant in Illinois, he told her plaintiff physically punished him. Specifically, the child claimed plaintiff slapped his face and pulled his ears when he received poor grades. Defendant reported these allegations, and the Illinois Department of Children and Family Services opened an investigation. Additionally, defendant lodged a report with the New Jersey Department of Child Protection and Permanency (Division), which also investigated the matter.

On August 30, 2019, defendant filed an emergency petition in Illinois, seeking temporary physical custody of the parties' son. She also filed an application to modify the parties' Judgment of Divorce. That same day, an Illinois court granted defendant temporary physical custody of the child. As of September 6, 2019, the child began his school year in Illinois.

On September 16, 2019, plaintiff filed an emergent petition in Illinois, contesting the state's exercise of emergency jurisdiction. Approximately two weeks later, defendant filed an application in New Jersey, asking that Illinois be permitted to assume jurisdiction over the parties' custody issues. On October 3, 2019, plaintiff filed an order to show cause in New Jersey to compel the child's return. The next day, a New Jersey Family Part judge conducted a testimonial

3

hearing to decide whether New Jersey or Illinois had jurisdiction to address custody and parenting time issues. The judge determined New Jersey retained continuing exclusive jurisdiction over these issues. He also noted defendant waited "until the eve of [the child] being returned to New Jersey" before going to court in Illinois. The judge directed defendant to return the child to New Jersey by October 6, 2019, and ordered that plaintiff's parenting time be supervised by the child's grandmother pending further review. Defendant did not return the child to New Jersey by October 6.

On October 10, 2019, the judge in Illinois vacated the August 30 order of protection and directed defendant to return the child to New Jersey by October 12, 2019. He further ordered that New Jersey "shall retain exclusive jurisdiction in the matter of the minor child." The next day, the judge entered an order dismissing defendant's case in Illinois, "due to [the] lack of Illinois's jurisdiction." Defendant returned the child to New Jersey in compliance with the October 10 order. Days later, the Family Part judge in New Jersey interviewed the child, who repeated his allegations of corporal punishment against plaintiff. Ultimately, neither the Family Part judge, the Division nor the protective agency in Illinois determined the child was physically abused.

4

Plaintiff filed a motion in New Jersey seeking reimbursement for the counsel fees he expended to secure the return of the parties' son to New Jersey. On December 20, 2019, the motion judge found defendant was in violation of plaintiff's rights "by refusing to return the child . . . to New Jersey on October 6, 2019, in direct violation of the court's order dated October 4, 2019." Also, on December 20, 2019, the judge enforced paragraph twenty-eight of the parties' MSA and granted plaintiff's motion for counsel fees, directing defendant "to pay all counsel fees and costs incurred by plaintiff in Illinois and New Jersey, for having to take legal action to obtain [a] court order to force the return of [the child] to plaintiff in New Jersey." The judge allowed plaintiff thirty days to submit an affidavit of services from his attorney. In the statement of reasons attached to his December 20 order, the judge found

> The MSA very clearly laid out what would happen if defendant refused to return [the child] to New Jersey upon the conclusion of her parenting time. Plaintiff was forced to expend counsel fees to enforce the MSA and to enforce this court's multiple orders. Defendant did not return [the child] until she was threatened with a bench warrant. This court does find that defendant willfully breached the MSA, ignored this court's orders, and is in violation of litigant's rights. Defendant shall pay the counsel fees that plaintiff expended to have [the child] returned to New Jersey.

A-2642-19T1

On January 8, 2020, plaintiff's counsel emailed her affidavit of services to defendant's attorney. Defendant did not file any response to the affidavit. Accordingly, on February 3, 2020, the motion judge awarded plaintiff counsel fees and costs in the sum of $18,281.25. The judge found that the hourly rate for, and the services rendered by, plaintiff's counsel were reasonable. Further, the judge determined "plaintiff proceeded in this litigation with reasonableness and good faith, and the defendant acted in bad faith, and . . . specifically failed to follow court orders. She was held in contempt in an order of December 20th of 2019." Further, the judge found "[t]his was the second time that [defendant] did not return [the child] at the end of her summer parenting time. Both in the past and . . . earlier last year, . . . actions had to be brought in both the Superior Court and in the State of Illinois." Additionally, the judge noted that as of February 3, 2020, he received no opposition to plaintiff's request for counsel fees, even though plaintiff's counsel emailed her affidavit of services to defendant's counsel on January 8, 2020.

On appeal, defendant argues the motion judge erred in awarding attorney fees and costs to the plaintiff because he relied solely upon the affidavit of services provided by plaintiff's counsel. She further contends an award of

A-2642-19T1

counsel fees violates public policy since she was trying to protect her son and should not be penalized for her efforts. We are not persuaded.

We defer to family court fact findings "when supported by adequate, substantial, credible evidence." Fattore v. Fattore, 458 N.J. Super. 75, 83 (App. Div. 2019) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). However, "[t]o the extent a trial court interprets the law and the legal consequences that flow from the established facts, we review its conclusions de novo." Motorworld, Inc. v. Benkendorf, 228 N.J. 311, 329 (2017).

Under Rule 5:3-5(c), a trial court has discretion to award counsel fees in matrimonial actions. Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010) (citing Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004)). An award of counsel fees will be disturbed "only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

There is a "'strong public policy favoring stability of arrangements' in matrimonial matters." Konzelman v. Konzelman, 158 N.J. 185, 193 (1999) (quoting Smith v. Smith, 72 N.J. 350, 360 (1977)).  Matrimonial settlement agreements are "governed by basic contract principles," Quinn v. Quinn, 225 N.J. 34, 45 (2016), and "fair and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed," id. at 44 (quoting Konzelman, 158 N.J. at 193-94).  Indeed, as we have previously observed, a trial court's failure to give effect to a counsel fee award provision in an MSA constitutes an abuse of discretion.  See Strahan, 402 N.J. Super. at 317.

Guided by these principles, we perceive no basis to disturb the motion judge's award of counsel fees, particularly since the motion judge was fully familiar with this matter, having conducted the evidentiary hearing regarding jurisdiction in early October 2019, interviewed the child, and considered the parties' competing applications thereafter.  Further, the judge specifically determined in his December 20, 2019 order that defendant was in violation of litigant's rights "by refusing to return the child . . . to New Jersey on October 6, 2019, in direct violation of the court's order dated October 4, 2019."  The December 20, 2019 order was neither reconsidered nor appealed.  Additionally, defendant's allegations of plaintiff's physical abuse of the parties' son were not

substantiated. Moreover, we cannot ignore the glaring fact that the arguments defendant now raises on appeal were not submitted to the motion judge before he fixed the amount of the counsel fees award. The record reflects defendant had almost a month to contest the reasonableness of plaintiff's counsel fee request before the February 3, 2020 order was entered. Under these circumstances, we cannot find the motion judge abused his discretion.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2642-19T1